# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1635
_____

United States of America

*Plaintiff - Appellee*

v.

Joel L. Witt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 16, 2012
Filed: December 12, 2012
[Unpublished]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joel Witt was charged with bank robbery in violation of 18 U.S.C. § 2113(a) and 2113(d), and with brandishing a firearm during the robbery in violation of 18

U.S.C. § 924(c)(1)(A)–(B).  After the district court[1] denied his motion to suppress evidence found in his car and statements made to the police after his arrest, Witt entered conditional pleas of guilty.  He was sentenced to 36 months on the first count and 120 months on the second, to be served consecutively.  Witt appeals his convictions, arguing that the court erred by not suppressing the evidence in his car and his post arrest confession.  We affirm.

At approximately 10 a.m. on April 18, 2011, state trooper Kevin Horst was in Ogallala, Nebraska when he received a radio dispatch about an armed bank robbery in Palisade, Nebraska.  The robber was described as a male armed with an AR15 or M16 rifle with an attached flashlight.  He was reported to be driving a dark green or black station wagon with Colorado license plates.  The radio dispatcher asked Trooper Horst to drive south on Highway 61 to look for the suspect vehicle.  Subsequently Horst received a message that another trooper had observed a green station wagon heading west on Highway 23 about five miles from Horst's location.  Horst thereafter met the other trooper on Highway 23, and the two officers stopped the suspect station wagon outside of Grant, Nebraska.  The stop was made approximately 50 to 60 miles from the Palisade bank about one hour after the robbery there.  Although the station wagon had Nebraska license plates instead of the Colorado plates originally reported, Horst had only seen about six vehicles in this area of rural Nebraska that morning and this was the only station wagon.

After the officers stopped the station wagon, they directed the driver to get out and informed him there had been a bank robbery and that his vehicle "matched the description" of the robber's car.  One of the troopers asked the driver if he had a weapon, and he stated that he had an "AR" in the car.  The troopers then secured him

---

[1] The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska, adopting the recommendation of the Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

in one of their vehicles, and the driver identified himself as Joel Witt.  In their search of Witt's car the officers found .223 caliber bullets, a loaded AR15 semiautomatic rifle with a flashlight taped to the barrel, and a 12 by 8 inch black bag containing a large amount of U.S. currency.  Horst placed Witt under arrest and transported him to a nearby police station where he confessed to the bank robbery.

Witt was charged with bank robbery in violation of 18 U.S.C. § 2113(a) and 2113(d), and with brandishing a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A)–(B).  He moved to suppress the evidence from his car and his post arrest confession, arguing that the officers had not had reasonable suspicion or probable cause to stop his vehicle or to search it and that his confession was the fruit of their violation of the Fourth Amendment.  The district court denied Witt's motion, concluding that the officers had had reasonable suspicion to justify the roadside stop and that the subsequent search was lawful.  Witt then pled guilty to both counts while reserving his right to appeal the denial of his motion to suppress.  The court sentenced him to 36 months on the first count and 120 months on the second count, the terms to be served consecutively.  Witt appeals his convictions, arguing that the evidence found in his car and his confession should have been suppressed.

We review the district court's factual determinations for clear error and its legal conclusions de novo.  United States v. Hastings, 685 F.3d 724, 727 (8th Cir. 2012).  The district court's denial of a motion to suppress will be upheld unless it is not supported by substantial evidence, is based on an erroneous interpretation of applicable law, or is clearly mistaken in light of the entire record.  Id.  Witt first argues that his car was unlawfully stopped because the troopers "lacked a reasonable basis" for it.  Witt points out that the radio transmission to the police had described a car with Colorado license plates while his were from Nebraska.  He also argues there was no detailed description of the suspect, his vehicle had been stopped far from the crime scene, and the robber could have been 90 miles in any direction from the bank by the time his vehicle was stopped.

A police officer may initiate a Terry stop to detain a citizen briefly "if the officer has a reasonable suspicion that 'criminal activity may be afoot.'" United States v. Ortiz-Monroy, 332 F.3d 525, 528 (8th Cir. 2003) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). The officer may draw on his experience and specialized training in forming a suspicion, and the question of whether reasonable suspicion exists is based on the totality of the circumstances. Id. at 528–29. Factors such as the "temporal and geographic proximity of the car to the scene of the crime, [a] matching description of the vehicle, and the time of the stop" can support a finding of reasonable suspicion. United States v. Juvenile TK, 134 F.3d 899, 903–04 (8th Cir. 1998).

We conclude that the troopers had reasonable suspicion to stop Witt's car. After receiving a radio dispatch generally describing the suspect's vehicle, they were looking for the car in rural Nebraska. Traffic had been light that morning, and they stopped the only car they had seen which fit the description of a station wagon. The car was traveling away from Palisade where the bank had been robbed, and the spot at which it was stopped was approximately a one hour drive between the two. The totality of these circumstances gave the troopers reasonable suspicion for making the stop.

Witt next challenges the search of his car and bag. Witt argues that the search was not justified by fear for officer safety because at the time of the search he was secured in a police vehicle. He also argues that the search of his bag was unlawful because Trooper Horst admitted that he had been looking for incriminating evidence rather than a weapon. Even after a suspect has been secured during a Terry stop, however, officers may "conduct a protective sweep of the vehicle's passenger compartment to search for dangerous weapons that the suspect or other occupants might later access" if the officers have "an objectively reasonable concern for [their] safety or suspicion of danger." United States v. Smith, 645 F.3d 998, 1002–03 (8th Cir. 2011) (citing Michigan v. Long, 463 U.S. 1032, 1045–52 (1983)). Such a

vehicle search may include closed containers which might hold a weapon. United States v. Shranklen, 315 F.3d 959, 963 (8th Cir. 2003).

We conclude that the search of Witt's car and bag was lawful. When the troopers approached Witt, he admitted to having an "AR" in his car which was consistent with the radio description of the gun carried by the bank robber. The officers thus had an objectively reasonable basis to be concerned about their safety and could have searched Witt's car even after securing him. See Long, 463 U.S. at 1050–52. Although Trooper Horst admitted that he opened Witt's bag to look for incriminating evidence, the Fourth Amendment question is whether an objectively reasonable officer would have been concerned that the bag contained a weapon. See United States v. Plummer, 409 F.3d 906, 909 (8th Cir. 2005). We conclude that an objectively reasonable officer in Horst's situation could have believed that the bag held a weapon because of the bag's size and because another firearm had already been discovered in the vehicle.

Witt further argues that his post arrest confession at the police station should have been suppressed as fruit of an unlawful stop and search. See Wong Sun v. United States, 371 U.S. 471, 484–87 (1963). Since we have concluded that the stop and search were lawful, Witt's confession was properly admitted. For all these reasons the district court did not err in denying his motion to suppress, and we affirm Witt's convictions.

———————————————————